## IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI

| | |
|---|---|
| CASSANDRA WILLIAMS <br><br> PLAINTIFF | CIVIL FILE NO. CI 2019-0269-JR |
| VS. | |
| CANTON PUBLIC SCHOOL <br>     DISTRICT, <br> COURTNEY RAINEY, <br> MOSES THOMPSON, <br> TIM TAYLOR, <br> SHIVOCHIE DINKINS, <br> ERIK GILKEY, <br> ANDREW GRANT, <br> LES PENN, <br> DAPHNE SIMS, <br> FRED ESCO, Jr., and <br> LISA ROSS <br><br> DEFENDANTS | **JURY TRIAL REQUESTED** <br><br> F I L E D <br> MADISON COUNTY <br><br> DEC 02 2019 <br><br> ANITA WRAY, CIRCUIT CLERK <br> BY_____D.C. |

## COMPLAINT

Cassandra Williams files her complaint against the Defendants and in support

of her causes of action represents the following:

### Jurisdiction and Venue

1.      Pursuant to §9-7-81, Miss. Code Ann. (1972 this Court has jurisdiction

over Plaintiff's state law claims involving a claim in excess of $200 and

Plaintiff's claim filed under the provisions of the Mississippi Racketeer

Influenced and Corrupt Organization Act, §§ 97-43-1, Miss. Code Ann. (1972).



EXHIBIT

A

1

2.      Pursuant to 18 U.S.C. § 1964 (c) as interpreted by the United States

Supreme Court in *Tafflin v. Levitt*, 493 U.S. 455 (1990) this Court has concurrent

jurisdiction with the United States District Court for Plaintiff's claims filed

under the provision of the Federal Racketeer Influenced and Corrupt

Organization Act, 18 U.S.C §1962.

3.      Except for the Defendant, Moses Thompson, all Defendants are adult

resident citizens of Madison County, Mississippi and the causes of action

herein alleged occurred and/or accrued in Madison County, Mississippi. Venue

is therefore proper in this Court pursuant to § 11-11-3, Miss. Code Ann.

(1972).

## Parties

4.      Plaintiff, is an adult resident of Madison County, Mississippi.

5.      Defendant, Canton Public School District, is a political subdivision of

the State of Mississippi and whose Superintendent and chief executive officer is

Gary P. Hannah, who may be served with process at the central office located

at 403 East Lincoln Street, Canton, Mississippi.

6.      Courtney Rainey is an adult resident of Madison County, Mississippi

who is incarcerated in the Madison County Detention Center, Highway 51

South, Canton, Mississippi, where she may be served with process.

7.      Moses Thompson is an adult resident of Leake County, Mississippi, who may be served with process at his place of employment, Family Memorial Funeral Home, Canton, Mississippi

8.      Shivochie Dinkins is an adult resident of Madison County, Mississippi and may be served with process at her place of employment, Hinds Community College, Raymond, Mississippi or at a school board meeting of the Canton Public School District.

9.      Erik Gilkey is an adult resident of Madison County, Mississippi and may be served with process at his place of employment, Canton Municipal Utilities business office.

10.     Andrew Grant is an adult resident of Madison County, Mississippi.

11.     Les Penn is an adult resident of Madison County, Mississippi and may be served with process at his residence located at 191 Penn Road, Canton, Mississippi.

12.     Daphne Sims is an adult resident of Madison County, Mississippi and may be served with process at her place of employment, Canton Public Schools.

13.     Fred Esco, Jr. is an adult resident of Madison County, Mississippi and may be served with process at his place of employment, Esco's Insurance, 274 W. Peace St., Canton, Mississippi.

14.     Lisa Ross is an adult resident of Madison County, Mississippi and may

be served with process at her place of law office at 514 East Woodrow Wilson

Ave., Jackson, Mississippi.

## COUNT I

### Breach of Contract

15.     In March 2016 the Defendant, Canton Public School District (CPSD),

acting by and through its Board of Trustees, voted to employ Plaintiff,

Cassandra Williams (Casandra) as Superintendent of the school district.  In

compliance with state law CPSD and Cassandra entered into a contract of

employment under the terms of which Cassandra was employed as

Superintendent for a term of 3 years, commencing July 1, 2016 and ending June

30, 2019.  A true and correct copy of the employment contract is attached

hereto, marked Exhibit "A" and made a part hereof by reference.

16.     On November 7, 2017 Defendant, Courtney Rainey (Rainey) was elected

to a position as trustee of CPSD. Beginning at the CPSD board meeting on

January 23, 2018 at the end conducting the business of the district as contained

on the agenda the Trustees went into executive session. Before entering the

executive session the Trustees directed the board attorney and Cassandra to

leave the meeting room.

17.     These executive sessions continued to be held at the end of each

meeting with Cassandra and the attorney directed to leave the meeting.  At a

meeting of the Canton Board of Aldermen held in February 2018, Defendant,

Daphne Sims, (Sims), who was also an employee of CPSD, made a motion to

remove Walter Jones, a trustee who had held the office for approximately 32

years, and to appoint Defendant Timothy Taylor (Taylor) to the position.  On

information and belief  the Canton Board of Aldermen held a meeting in

February or March,  2018, at which Sims made a motion that Dorothy Harris

be removed from her position as a trustee of CPD and to replace her with

Defendant, Shivochie Dinkins (Dinkins).  Jones and Harris then vacated their

positions and were replaced by Taylor and Dinkins.

18.       With the appointment of Dinkins and Taylor and the election of Rainey,

the CPSD board continued to hold executive sessions at the end of regular

meetings and excused Cassandra and the attorney from the discussions.

19.       On May 21, 2018, Thompson, the newly elected Chairman of the Board,

delivered a letter to Williams advising her that a majority of the trustees had

voted in a special meeting held on May 21, 2018 to terminate her as

Superintendent, effective immediately. On information and belief, the trustees

who voted in favor of terminating Williams without providing her with a per-

termination hearing, in violation of her rights to due process and equal

protection under the 5th and 14th amendments of  the United States

Constitution,  were the Defendants, Rainey, Thompson, Taylor, and Dinkins. A

copy of said letter is attached hereto, marked Exhibit "B" and made a part

hereof by reference.   Williams requested and was granted a post-termination
hearing, but her salary was terminated at the beginning of the  first day of the
hearing. The hearing required four days with the last day being August 31,
2018.

20.       From the time the parties entered into the employment contract
Williams fully performed all of the duties of the superintendent and fulfilled all
of her obligations under the contract.

21.       CPSD,  acting by and through its trustees, namely the defendants,
Rainey, Thompson,  Dinkins and Taylor, with the advise of Defendant Lisa
Ross, terminated  and breached the  employment contract without just cause or
reason.

22.       As a direct and proximate cause of the breach of contract William
sustained damages equal to the amount of the unexpired portion of her
contract of approximately $146,000, plus the district's contribution to the state
retirement plan, and health insurance premiums.

23.       After wrongfully terminating Williams and breaching the employment
contract, as aforesaid, CPSD's breach was attended by intentional wrong,
insult, and/or abuse which entitles Williams to recover punitive damages and
attorney's in addition to compensatory damages

24.       For its breach of contract Williams is entitled to judgment against CPSD
in the sum of $146,00 plus the lost contribution to PERS, and lost health

insurance costs and for its willful breach of contract Williams is entitled to punitive damages in the sum of $500,000 plus attorney fees and costs. Plaintiff is also entitled to judgment for pre-judgment interest at the maximum legal rate from May 21, 2018 to the date that judgment is entered.

## COUNT II

## State and Federal RICO Claims

25.     Williams hereby incorporates the allegations contained in paragraphs number 1 through 24.

26.     Eric Gilkey, as a member of the Canton Board of Alderman, established an enterprise for the purpose of gaining control of the Board of Trustees of CPSD. Defendants Gilkey and Sims, directed and controlled the enterprise as members of the board of alderman of the city of Canton by illegally and unlawfully directing the removal of two members of the Board of Trustees of the Canton Public School District. To accomplish the goals of the enterprise Gilkey and Sims solicited defendants, Grant, Penn and Esco to join the enterprise, which they were more than willing to do. With the affirmative votes of Grant, Penn and Esco, Gilkey and Sims managed the passage of 2 resolutions by the board of aldermen to remove Walter Jones and Dorothy Harris from the school board and to appoint Defendants Taylor and Dinkins.

27.      The members of the enterprise who were on the board of alderman

and participated in this enterprise and its scheme to take control of CPSD and

its substantial financial resources are Gilkey, Grant, Penn, Sims and Esco.  The

members of the enterprise serving as Trustees of CPSD are  Rainey,

Thompson, Taylor and Dinkins.   In addition,  Defendant, Lisa Ross, who was

the attorney for the school board at all relevant times, also became a member

of the enterprise.

28.      The  governing  authority  of  the    Canton  Public  School  District    is

composed of five trustees, three of whom are appointed by the Canton Board of

Aldermen  and  two  of  whom  are  elected  from  the  added  territory  which  lies

outside  the  municipal  boundaries  but  within  the  school  district.    In  order  to

acquire control of the school district the members of the enterprise determined

that it was necessary to terminate the services of the superintendent, Cassandra

Williams. However, the enterprise also recognized that the board as constituted

on January 1, 2018 would not vote to fire the superintendent. The members of

enterprise developed their scheme to unlawfully and illegally remove two of the

board members which it had appointed.  The members of the board of alderman,

who are also members of the enterprise, developed a scheme under which they

could acquire control of the school district by electing Courtney Rainey from the

added territory and by replacing two of the appointed Trustees of the district.

Daphne Sims,  who was a member of the board of alderman, was also employed

by CPSD and in violation of the conflict of interest laws of the state of Mississippi and Miss. Const. Art. 4, §109, made a motion before the board of alderman to remove Walter Jones as Trustee;  the motion passed with  Daphne Sims,  Eric Gilkey,  Andrew Grant,  Les Penn, and Fred Esco, Jr.,  voting to remove Jones and to replace him with Tim Taylor, who then became a part of the enterprise.  At a subsequent meeting of the board of alderman the members of the enterprise voted to remove Dorothy Harris as a trustee and to replace her with Shivochie Dinkins,  who then became a part of the enterprise.

29.       Having succeeded in accomplishing their scheme to gain control of the school board the enterprise members of the school board, led by Courtney Rainey, furthered their scheme to gain complete control of the school district, its financial resources and jobs.  At the May 2018 board meeting Courtney  Rainey and the other  board members who were  members of the enterprise voted to hire Lisa Ross as board attorney. Upon information and belief, Lisa Ross became a member of the enterprise in January 2018 and was providing legal advice to Courtney Rainey and the members of the enterprise. Upon being hired Lisa Ross continued to advise the other school board members of the enterprise on how they could accomplish their objectives.  Attorney, and enterprise member, Lisa Ross advised the school board members who were part of the enterprise,  i.e., Courtney Rainey, Moses Thompson, Tim Taylor and Shivochie Dinkins,  on the procedure to follow to terminate Cassandra Williams  as superintendent. A part

9

of the scheme to terminate the superintendent involved depriving her of her constitutional right to due process by failing to provide her with a  pre-termination hearing. On May 21, 2018,  Cassandra Williams was given written notice that she was being terminated from her position as superintendent even though she had a written contract  which did not expire until June 30, 2019. Williams requested a  pre-termination hearing which was denied.  Williams was granted a post-termination hearing  with the last part of the hearing being held on August 31, 2018.  On information and belief, the Board of Trustees of CPSD voted to finally terminate Williams at a meeting held in September or October 2018.  Further, on information and belief,  those  Trustees voting to terminate the superintendent were the conspirators   and members of the enterprise, Courtney Rainey, Moses Thompson, Tim  Taylor, and Shivochie Dinkins.

30.        After removing Cassandra William as superintendent, the enterprise wasted no time in creating jobs and giving jobs to their political supporters who were not qualified for their positions.  In addition,  service contracts, namely, contracts for the janitorial services for the school buildings, landscape work and legal services were awarded to individuals and companies in which various members of the enterprise held an interest.

31.        A list of  the predicate acts and the specific statutes which were allegedly violated are as follows;

A. In order to perpetrate their unlawful and illegal scheme to acquire control of the Canton Public School District, Defendants, Eric Gilkey, Daphne Sims, Andrew Grant, Les Penn, Fred Esco, Jr., Courtney Rainey, Moses Thompson, Tim Taylor and Shivochie Dinkins knowingly and willfully committed predicate racketeering offenses under RICO §§ 1962(c) and (d) including mail fraud in violation of 18 U.S.C. §1341 and wire fraud in violation of 18 U.S.C. §1343.

B. As a part of the criminal scheme Defendant, Courtney Rainey, engaged in voter fraud and intimidation to assure her election to the school board in the election which took place in November 2017. Defendants knowingly and willfully devised a scheme to defraud and cheat the Plaintiff and to acquire control of the school district and its financial resources for the benefit of the Defendants and others of their choosing.

C. On information and belief and as described above, Defendants knowingly used the mails, telephone, common interstate carriers, internet, emails and facsimile to communicate with each other with the specific intent of executing and furthering their fraudulent scheme in violation of 18 U. S. C. §§ 1341 and 1343.

11

32.     In compliance with the Uniform Local Rule of Civil Procedure 83.8 for the United States District Court for the Northern and Southern Districts of Mississippi, Plaintiff has prepared her RICO Statement which pleads with specificity her cause of action under both Mississippi and Federal RICO statutes. A copy of Plaintiffs RICO Statement is being filed simultaneously with this complaint and it is incorporated herein by reference and made a part of this complaint.

33.     As a direct and proximate result of the violations of both state and federal RICO statutes Plaintiff has sustained a financial loss in the sum of $147,000 plus the amount of the PERS contribution which would have been made by CPSD and the loss of the amount Plaintiff's health insurance premiums.

34.     Pursuant to the provisions of §97-43-9 Miss. Code Ann. (1972) and 18 U.S.C. §1964 Plaintiff is entitled to a judgment for treble damages, punitive damages and attorney fees.

## COUNT III

### Tortious Interference with Contract

35.     Plaintiff incorporates the allegations contained in paragraphs numbered 1 through 34.

36.     The Defendants, Rainey, Thompson, Taylor, Dinkins, Gilkey, Grant, Penn, Sims, Esco and Ross tortiously interfered with Plaintiff's employment contract with CPSD causing CPSD to terminate Plaintiff's contract and as a

direct and proximate result Plaintiff has suffered the damages herein specified.

The acts of the aforesaid Defendants were intentional and willful, the acts were

calculated to cause damage to the Plaintiff in her lawful and binding

employment contract, the acts were done with the unlawful purpose of causing

damage and loss without right or justifiable cause on the part of the

Defendants which constitutes malice and Plaintiff suffered loss and damages as

a result.

37.      As a direct and proximate result  of the tortious interference with her

employment contract Plaintiff has sustained a financial loss in the sum of

$147,000 plus the amount of the PERS contribution which would have been

made by CPSD and the loss of the amount Plaintiff's health insurance

premiums.

## **COUNT IV**

## **Breach of the Covenant of Good Faith and Fair Dealing**

38.      Plaintiff incorporates the allegations contained in paragraphs 1 through

37.

39.      Defendant, Canton Public School District, breached the covenant of

good faith and fair dealing which is incorporated by implication in every

contract entered into in the State of Mississippi.

40.      On August 30, 2018 Plaintiff's counsel hand delivered a Notice of Tort

Claim to Mr. Dwight J. Luckett, Sr. Acting Superintendent of the Canton

Public School District giving pre-suit notice of Plaintiff's tort claim for the

breach of the covenant of good faith and fair dealing.  A copy of said notice is

attached hereto, marked Exhibit "C" and made a part hereof.

41.      The said Defendant, acting through a majority of its trustees fired the

plaintiff without any cause or legal justification.  At all times during the term of

the contract Plaintiff fully performed her duties as Superintendent of the

school district and fully complied with all of the terms and conditions of her

employment contract.

42.      In terminating Plaintiff without just cause or legal justification the

Defendant, CPSD, breached the covenant of good faith and fair dealing and as

a result Plaintiff has sustained her loss and damage herein stated.

43.      As a direct and proximate result  of the breach of the covenant of good

faith and fair dealing by CPSD Plaintiff has sustained a financial loss in the sum

of $147,000 plus the amount of the PERS contribution which would have been

made by CPSD and the loss of the amount Plaintiff's health insurance

premiums.

## **DEMAND FOR JUDGMENT**

WHEREFORE, Plaintiff files this complaint and demands judgment of

and from the Defendants as follows:

For Breach of Contract, Plaintiff demands judgment against the Canton

Public School District in the sum of $146,000 plus the lost contributions to

PERS and the costs of her health insurance plus punitive damages in the sum of $500,000, attorney fees and costs with pre-judgment interest at the maximum legal rate from May 21, 2018 until paid.

For Plaintiff's state and federal RICO claims judgment is demanded against the Defendants, Courtney Rainey, Moses Thompson, Tim Taylor, Shivochie Dinkins, Erik Gilkey, Andrew Grant, Les Penn, Daphne Sims, Fred Esco, Jr., and Lisa Ross, jointly and severally, for the sum of $146,000 plus the lost contributions to PERS and the cost of Plaintiff's health insurance for 13 months, treble damages, punitive damages, attorney fees and prejudgment interest at the maximum legal rate from May 21, 2018 until paid.

And Plaintiff prays for such other relief, general or special, to which she is entitled in the premises.

Respectfully submitted:

Casandra Williams, Plaintiff

BY: _____
John W. Christopher
Of Counsel

John W. Christopher, MSB #6100
Christopher Law Office, PLLC
460 Briarwood Drive, Suite 400
Jackson, MS. 39206
Telephone:   (601) 259-5287
Facsimile:     (601) 709-4611
john@jchristopherlaw.com

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Madison County

Case # CI-2019-0269      Acct #         Paid By CHECK 1500      Rct#  86437
------------------------------------------------------------------------
            CV CLERK'S FEE                          85.00
            CV LAW LIBRARY                           2.50
            CV COURT REPORTER TAX                   10.00
            CV COURT EDUCATION                       2.00
            CV COURT ADMINISTRATOR                   2.00
            CV CIVIL LEGAL ASSISTANCE FUND           5.00
            CV COMPREHENSIVE ELECTRONIC CT          10.00
            CV JURY TAX                              3.00
            CV CONSTITUENTS FE                        .50
            CV RECORDS MANAGEMENT PROGRAM            1.00
            CV-JUDICIAL SYS OPERATION FUND          40.00

                                            ===========
                                 Total   $     161.00
------------------------------------------------------------------------

Payment received from CHRISTOPHER LAW OFFICE PLLC

Transaction   87140 Received 12/ 2/2019 at 14: 2 Drawer   1 I.D. DENDY

Current Balance Due        $0.00          Receipt Amount $    161.00

  By _____D.C.  ANITA WRAY, Circuit Clerk

Case # CI-2019-0269      Acct #         Paid By CHECK 1500      Rct#  86437

# CANTON PUBLIC SCHOOL DISTRICT

## CONTRACT OF EMPLOYMENT

This agreement is made and entered into by the Board of Trustees of the Canton Public School District, hereinafter sometimes referred to as the Board, and Cassandra Williams, hereinafter sometimes referred to as the Superintendent.

WHEREAS, the parties hereto agree as follows:

A. The Board desires to employ Cassandra Williams as the Superintendent of the schools of the Canton Public School District, (the "District") for the period commencing on July 1, 2016 and terminating on June 30, 2019, and for such successive periods as may be from time to time agreed upon by the Parties in writing.

B. The Parties desire to set forth the terms under which Cassandra Williams shall be employed as Superintendent of the District's schools.

NOW THEREFORE, for the mutual considerations set forth herein, it is hereby agreed and stipulated as follows:

1. **Employment.** The Board does hereby employ Cassandra Williams as Superintendent of the schools of the District to perform such duties as are required by law and the Board and to perform such duties in a satisfactory manner and in accordance with the policies, rules and regulations of the State Board of Education and the Canton Public School District Board of Trustees. The Superintendent shall devote such time, skill, labor and attention to her employment as may be necessary to completely and successfully fulfill her duties and obligations. The Superintendent agrees to such employment by the Board under the terms of this Contract. However, the Superintendent is not required to live or reside within the territorial limits of the Canton Public School District.

2. **Management Responsibilities.** The Superintendent shall be the Chief Executive Officer of the District. Subject to the Board's approval, the Superintendent shall be responsible for the organization, management and evaluation of the instructional programs and business affairs of the District in the manner which will serve the best interest of the District pursuant to policies established by the Board and shall be vested with all other powers and duties as outlined in Section 37-9-14 of the Mississippi Code of 1972, as amended. The responsibility for the selection, placement, and transfer of all personnel shall be vested in the Superintendent, subject to approval by the Board. The Board,

individually and collectively, will promptly refer to the Superintendent for study and recommendation all criticisms, complaints and suggestions called to the Board's attention.

3. **Annual Report:**   Prior to the beginning of each school year, the Superintendent will prepare and submit to the Board for its consideration and approval a statement of measurable goals and objectives which she will seek to accomplish on behalf of the District during the next 12 months.  In addition, by January 15th of each year, the Superintendent will provide a written evaluation of her progress and the progress of the District toward meeting those goals and objectives.

4. **Performance Evaluation and Accountability Requirements.**  No less often than annually, the Board shall evaluate the performance of the Superintendent and, through the President or the President's designee, provide the Superintendent with periodic opportunities to: (1) discuss the performance evaluation of the Superintendent and (2) discuss Superintendent-Board relationships.  On or before January 31st of each year, the Board shall inform the Superintendent of any inadequacies and suggestions for improvements

5. **Term of Employment**.  The term of employment shall commence on July 1, 2016 and conclude on June 30, 2019.

6. **Salary and Compensation**.  The total salary and compensation shall be as follows:

    A. **Salary.**   The annual salary of the Superintendent, effective January 12, 2016, and thereafter, shall be **One Hundred Thirty Five Thousand Dollars ($135,000.00)** payable in equal installments in accordance with rules and regulations of the Board governing payment of other professional staff members of the District.

    In addition, the District shall pay for and on behalf of the Superintendent the premiums for a health insurance policy and a disability income policy which shall be paid directly to the insurance provider in an amount not exceed $6,000.00 per year.

    The Superintendent shall receive salary raises contingent upon both of the following conditions being met: (1) a state approved and funded teacher pay raise ("teacher pay raise") has occurred during the term of this Contract; and (2) a performance-based measure of growth and student achievement.  If both conditions are met, the Superintendent shall receive a pay raise in an amount to at least equal to the teacher pay raise percentage.

2

B.    **Reimbursement for Expenses**. The Superintendent shall be reimbursed for all reasonable expenses (as allowed by law) including all business trips, training, conferences, and seminars and other professional meetings as required by virtue of the position of superintendent and incurred by the Superintendent during Board authorized employment-related travel outside the District and for other reasonable expenses incurred in performing her duties within the district upon the Superintendent's submission of receipts and other proper documentation for such expenses to the Board in accordance with Board policies.

C.    **Public Employees Retirement System.** The Superintendent shall be a member of the Public Employees Retirement System of Mississippi ("PERS") according to its rules and regulations, as they may be amended. Any unused vacation, sick leave, personal leave, or other qualified leave to which the Superintendent is entitled either under this agreement or under Board policy may be applied toward credits with PERS as permitted by its rules and regulations.

D.    **Professional Organizations**. The Superintendent shall belong to professional, educational organizations such as American Association of School Administrators and the Mississippi Association of School Administrators and shall be reimbursed by the District for the dues of those organizations.

E.    **Automobile.** The District shall provide the Superintendent with an automobile for her use in conducting the business of the District.

7.    **Termination/Non-renewal**. It is the intention of the parties that the Superintendent be employed and compensated during the full term of this Contract with any additions or extensions agreed to by the Parties. The Superintendent agrees that, absent emergency health or other extraordinary personal reasons, she will not terminate this Contract or leave the employment of the District during the term of this Contract. The Superintendent's inability or failure to complete the term of this Contract may be treated as a willful breach of this employment contract pursuant to Section 37-9-57 of the Mississippi Code of 1972.

It is expressly acknowledged that the Board's removal of the superintendent from office shall not relieve it of the obligations to the Superintendent hereunder unless such removal is based upon a finding of gross negligence, malfeasance in office, commission of a crime involving moral turpitude, or other good cause as provided for under the provisions of Section 37-9-59 of the Mississippi Code of 1972. If the Board decides to non-renew this Contract, the Board shall provide notice before February 1st of the last year of the Contract.

3

8.     **Certificate.** During the term of this contract, and any extensions thereof, the Superintendent shall maintain a valid and appropriate certificate as may be required by the Mississippi State Board of Education.

9.     **Professional Training.** The Superintendent shall attend such Board approved professional meetings and continuing education courses as may be appropriate to continue her professional training and expertise. The District shall pay for and reimburse the Superintendent for all reasonable expenses associated with such professional meetings and courses. All travel out of state must be approved in advance by the Board of Trustees.

10.   **Evaluation of Professional Training and Travel.** By January 31st of each year, the Superintendent shall provide a written report to the Board summarizing her activities with regard to professional training pursuant to paragraph 9. The Board shall review this report and consider these activities in the evaluation of the performance of the duties of the Superintendent.

11.     **Vacation.** The Superintendent shall be allowed paid vacation each year equal to the maximum allowed to any employee, either at the time of the execution of this Contract or during the term thereof.

12.     **Holidays.** In addition to the Superintendent's vacation days, the Superintendent shall have all the holidays afforded to District employees in accordance with Board policy.

13.     **Personal Business; Sick Leave.** In addition to vacation days and holidays, the Superintendent shall be allowed the maximum number of personal leave and sick leave days allowed to any employee, either at the time of the execution of this Contract or during the term thereof.

14.     **Medical Examination.** The Superintendent does hereby agree to have a comprehensive medical examination once each year. If the Board chooses to require such a physical, then the cost of said medical examination shall be borne by the District.

15.     **Indemnification.** To the extent allowed by law, the District shall defend, hold harmless, and indemnify the Superintendent from any and all demands, claims, suits, actions, judgments, and legal proceedings brought against the Superintendent in her official capacity or her individual capacity, provided that, in the incident giving rise thereto, the Superintendent was acting within the scope and course of her employment with the Board.

**16.   Modification.**   No modification or addition to this Contract shall be valid for any purpose unless embodied in a writing signed by the Parties and approved by the Board.

**17.   Severability.**   If any provision of this contract or its application is held invalid or found to be in violation of state or federal constitutional or statutory law, such invalidity shall not affect other provisions or applications of it that can be given effect without the invalid provisions or applications, and to this end the provisions of this Contract are hereby declared severable.

**18.   Governing Law.**   The laws of the State of Mississippi shall govern the performance and interpretation of this Contract.

**IN WITNESS WHEREOF,** this Agreement is executed in duplicate, each of which shall be considered an original on this _24_ day of March, 2016 and to become effective on July 1, 2016.

**BOARD OF TRUSTEES**
**Canton Public School District**

BY: _____
        Johnny L. Brown, Board President

ATTEST: _____
             Dorothy Harris, Board Secretary


_____
Cassandra Williams, Superintendent


ATTEST: _____
             Dorothy Harris, Board Secretary

5

May 21, 2018

**VIA EMAIL & HAND DELIVERY**
Cassandra Williams, Superintendent
Canton Public School District
403 East Lincoln Street
Canton, Mississippi, 39046

RE:          **Termination of Your Contract with the Canton Public School District**

Dear Mrs. Williams,

I am writing this letter at the direction of the Board of Trustees of the Canton School District. At a meeting held on Monday, May 21, 2018, the Board of Trustees of the Canton School District voted to terminate your employment as Superintendent of the Canton School District.

The decision of the Board of Trustees to terminate your employment with the District is based on the following reasons:

1.      Violation of Standard 5 of the Mississippi Educator Code of Ethics and Standards of Conduct which provides that "An educator should always maintain a professional relationship with colleagues, both in and outside the classroom. 5. Unethical conduct includes but is not limited to the following's. Interfering with a colleague's exercise of political, professional, or citizenship rights and responsibilities; and d. discriminating against or coercing colleagues on the basis of race, religion, national origin, age, sex, disability or family statutes.

On or about May 8, 2018, several teachers and administrators appeared before the board. During the meeting, the board received audio recordings and other documents from Chasity Bergold, principal of Reuben B. Myers Canton School of Arts & Sciences, Dr. Laura Jones, Executive Director of School Improvement and Compliance & Exceptional Education, and teachers employed by the district.

The audiotapes contain information that the administrators can use as evidence in legal proceedings should they decide to pursue claims against you and the district for racial discrimination and retaliation. On April 13, 2018, you sent an e-mail to Chastity Bergold, which stated that "Per my meeting with you today and your attorney, your concerns were addressed in the meeting based on the feedback from your attorney during and at the conclusion of the meeting. As your attorney agreed no rights or laws have been violated by me or the school district. Therefore, you will not be permitted to appear before the board, as requested."



The Board has asked me to advise you that you are immediately relieved of your duties and you should make arrangements through Officer Robert Jackson to collect your personal belongings no later than 3 p.m. today on May 21, 2018.

Pursuant to the state and federal Constitutions, you are entitled to a post-termination hearing before the Board of Trustees if you request one.  You must request the post-termination hearing by written request directed to the Chairman of the Board of Trustees, Moses Thompson, within five (5) calendar days of the date of this letter.  You have the right to be represented by counsel of your choice at the post-termination hearing, but any such representation will be at your own expense.  In the event you request a post-termination hearing, the hearing will be set not less than 5 days nor more than 30 days from the date of your request.

If you do not request a post-termination hearing, your compensation will end five calendar days from the date of this letter.  If you do request a post-termination hearing, your compensation will continue through the date that the post-termination hearing is first scheduled to take place.

Sincerely,

Moses Thompson
Chairman, Canton Public School Board

**CHRISTOPHER LAW OFFICE, PLLC**
John W. Christopher
Attorney at Law
460 Briarwood Drive, Suite 413
Jackson, MS 39206

Telephone: (601) 898-3303
Cell Phone: (601) 259-5287
Email: ⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀

HAND DELIVERY

August 31, 2018

Canton Public School District
C/O Mr. Dwight Luckett, Sr., Acting Superintendent
403 East Lincoln St.
Canton, MS 39046

Dear Mr. Luckett:

In compliance with the provisions of § 11-46-11, Miss. Code Ann. (1972), this is a notice of claim on behalf of Mrs. Cassandra Williams which is provided to you, as Superintendent, at least 90 days before a lawsuit is filed against the Canton Public School District.

The plain statement of facts upon which her claims are based are the following: Mrs. Williams entered into a written contract with the Canton Public School District to serve in the position as Superintendent for a term commencing July 1, 2016 and terminating on June 30, 2019.

Mrs. Williams complied with all of the terms of her contract and she complied with all statutory requirements and regulations promulgated by the Mississippi Department of Education. In her tenure as Superintendent the district children made progress in their education and test scores improved from year to year.

Notwithstanding the fact that Mrs. Williams complied with all the terms of the contract, state statutes and regulations, a majority of the Board of the



Canton Public School District
August 31, 2018
Page 2

Canton Public School District Trustees abruptly, and without reason or justification terminated her contract at a special meeting held on May 21, 2018.

The Canton Public School District breached its contract with Mrs. Williams and is liable to her for her damages which consist of the salary she would've received during the term of her contract plus the cost of all benefits.

In addition to breaching its contract with Mrs. Williams the District, acting through a majority of its Trustees,  breached the covenant of good faith and fair dealings implied in every contract entered into in the State of Mississippi.

Mrs. Williams will also claim that the breach of contract by the District was done in a willful, wanton and callous disregard for her rights and was willful and without cause or justification which caused her to suffer mental and emotional anguish and distress as well as public embarrassment and humiliation for which she is entitled to be compensated.

The School Board's conduct was without justification and was done in willful, wanton and callous disregard for Mrs. Williams's rights for which she is entitled to recover punitive damages and attorney's fees.

All persons known to have been involved in the breach of contract and the covenant of good faith and fair dealing are the following: Mr. Moses Thompson, Mr. Timothy Taylor, Dr. Shivochie L. Dickens, and Ms. Courtney Rainey.

Canton Public School District
August 31, 2018
Page 3

The amount of money damages which will be sought will be as follows:
compensatory damages in the sum of $500,000, punitive damages in the
sum of $500,000, or in such an amount as the jury may fix, plus attorney
fees and cost.

Mrs. Cassandra Williams's residence presently and at the time of the
breach of contract is 214 Fredericksburg Place, Madison, Madison County,
Mississippi 39110.

Sincerely yours,

John W. Christopher

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court  Form AOC/01
Administrative Office of Courts  (Rev 2016)

| Court Identification | Docket Number |
|---|---|
| County # | Judicial District | Court ID (CH, CI, CO) | 26 1 9 |
| 45 | 01 | C1 | |

| Month | Date | Year | Local Docket ID |
|---|---|---|---|
| 11 | 20 | 19 | C1K |

This area to be completed by clerk | Case Number if filed prior to 1/1/94

In the **CIRCUIT** Court of **MADISON** County — Judicial District

## Origin of Suit (Place an "X" in one box only)
- [X] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** WILLIAMS (Last Name)  CASSANDRA (First Name)  Maiden Name, if applicable  M.I.  Jr/Sr/III/IV

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ____

**Business** Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ____

Address of Plaintiff  Madison, MS. 39110

Attorney (Name & Address)  John W. Christopher 460 Briarwood Dr., Ste 400, Jackson, MS 39206  MS Bar No. 6100

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: *John Christopher*

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual** (Last Name)  (First Name)  Maiden Name, if applicable  M.I.  Jr/Sr/III/IV

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

**Business** CANTON PUBLIC SCHOOL DISTRICT, CANTON, MS
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ____

Attorney (Name & Address) - If Known  MS Bar No.

____ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ____

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ____

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ____

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ____

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ____

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ____

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [X] Other  RICO

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other ____

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ____

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ____

**IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI**

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____ _____   Docket No. If Filed
     File Yr    Chronological No.   Clerk's Local ID  Prior to 1/1/94 _____

### DEFENDANTS IN REFERENCED CAUSE - Page 1 of ☑4 Defendants Pages
### IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #2:**

**Individual:** | RAINEY | | COURTNEY | | | ) | |
     Last Name     First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** _____
   Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** | THOMPSON | | MOSES | | | ) | |
     Last Name     First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** _____
   Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** | TAYLOR | | TIM | | | ) | |
     Last Name     First Name   Maiden Name, if Applicable  Middle Init.  Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** _____
   Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

  D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ _Pro Hac Vice_ (✓)___ Not an Attorney(✓)___

**IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI**

_____ **JUDICIAL DISTRICT, CITY OF**

Docket No._____ - _____ _____ _____        Docket No. If Filed
          File Yr     Chronological No.      Clerk's Local ID                 Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page** 2 **of** 4 **Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #** 5 **:**

**Individual:** | DINKINS | SHIVOCHIE | ( | ) | _____ | _____
          Last Name          First Name          Maiden Name, if Applicable       Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ **Bar # or Name:** _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** 6 **:**

**Individual:** | GILKEY | ERIK | ( | ) | _____ | _____
          Last Name          First Name          Maiden Name, if Applicable       Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ **Bar # or Name:** _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** 7 **:**

**Individual:** | GRANT | ANDREW | ( | ) | _____ | _____
          Last Name          First Name          Maiden Name, if Applicable       Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

  Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

  D/B/A _____

**Business** _____
          Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

  D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ **Bar # or Name:** _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE _____ COURT OF _____ COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____  _____
        File Yr      Chronological No.     Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

**DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #** 8 :

**Individual:** PENN | LES | ( _____ ) _____ _____
            Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** 9 :

**Individual:** SIMS | DAPHNE | ( _____ ) _____ _____
            Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** 10 :

**Individual:** ESCO | FRED | ( _____ ) _____ JR.
            Last Name       First Name       Maiden Name, if Applicable    Middle Init.    Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of |_____|

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
       Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE _____ COURT OF MADISON COUNTY, MISSISSIPPI

_____ JUDICIAL DISTRICT, CITY OF _____

Docket No. _____ - _____ _____ _____
      File Yr    Chronological No.    Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _____

## DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
## IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET

**Defendant #** [ 1 ] :

**Individual:** [ ROSS ] [ LISA ] ( _____ ) ____ ____
      Last Name      First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** [ ] :

**Individual:** [ ] [ ] ( _____ ) ____ ____
      Last Name      First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #** [ ] :

**Individual:** [ ] [ ] ( _____ ) ____ [ ]
      Last Name      First Name      Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of [ ]

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
    Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___